UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT S.,[1]

|  |  |  |
|---|---|---|
|  | Plaintiff, | Case # 20-CV-377-FPG |
| v. |  | DECISION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, |  |  |
|  | Defendant. |  |

## INTRODUCTION

Plaintiff Robert S. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for disability insurance benefits ("DIB") under Title II of the Act.  ECF No. 1.  The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).  Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  ECF Nos. 16, 17.  For the reasons that follow, the Commissioner's motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

In September 2016, Plaintiff applied for DIB with the Social Security Administration ("the SSA").  Tr.[2] 86.  He alleged disability since April 2015 due to neck reconstruction surgery, multiple knee surgeries, numbness and tingling in the hands and fingers, and severe headaches.  Tr. 86-87.  In January 2019, Administrative Law Judge Paul Georger (the "ALJ") issued a decision finding that Plaintiff is not disabled.  Tr. 12-28.  In January 2020, the Appeals Council denied

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter.  ECF No. 12.

Plaintiff's request for review making the ALJ's decision the final decision of the SSA.  Tr. 1-6.

Plaintiff then appealed to this Court.  ECF No. 1.

## LEGAL STANDARD

### I.  District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the

SSA's conclusions were supported by substantial evidence in the record and were based on a

correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks

omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is

"conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence

means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

(quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the

claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks

omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990)

(holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are

conclusive if supported by substantial evidence).

### II.  Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is

disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71

(1986).  At Step One, the ALJ must determine whether the claimant is engaged in substantial

gainful work activity.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not

disabled.  If not, the ALJ proceeds to Step Two and determines whether the claimant has an

impairment, or combination of impairments, that is "severe" within the meaning of the Act,

meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id.* § 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id.* § 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  *Id.* § 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled.  *Id.*  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id.* § 416.920(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

**DISCUSSION**

### I.   The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above.  At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 29, 2015, the alleged onset date.  Tr. 17.  At Step Two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine; status post fusion and surgical removal of instrumentation; osteoarthritis of the left knee; status post total knee replacement surgery; and Crohn's disease.  *Id.*  At Step Three, the ALJ found that these impairments did not meet or medically equal any Listings impairment.  *Id.* at 17-18.

Next, the ALJ determined that Plaintiff had the RFC to perform sedentary work with additional limitations.  *Id.* at 18.  At Step Four, the ALJ found that Plaintiff had no past relevant work.  *Id.* at 26.  At Step Five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  Tr. 27.  The ALJ therefore found that Plaintiff was not disabled.  *Id.* at 28.

### II.   Analysis

Plaintiff advances several arguments in support of remand, but mainly asserts that the ultimate residual functional capacity was unsupported by substantial evidence because the ALJ relied upon examiners whose opinions predated Plaintiff undergoing additional surgeries.

More specifically, Plaintiff asserts that ALJ's reliance on the opinion of consultative examiner David Brauer, MD was in error because the opinion (1) "was stale, having no way of accounting for the effects of repeat surgeries"; and (2) was "flaw[ed]" because "no imaging was appended to the report."  ECF No. 16-1 at 19.

With respect to the opinion of worker's compensation independent medical examiner Robert Bauer, MD, Plaintiff argues that that opinion (1) is not substantial evidence because it was not formed from a complete medical record; (2) is not substantial evidence because "Dr. Bauer's review of the records makes no mention of any imaging of Plaintiff's knee"; and (3) was stale because it "lacked evidence of Plaintiff's most recent knee and spinal surgeries from 2017 and 2018." *Id.* at 20.   Finally, Plaintiff contends that  the ALJ failed in his duty to develop the record when he "rejected the various, oftentimes more recent, disability ratings of Plaintiff's treating providers." *Id.* at 21.

For the reasons that follow, the Court finds that Plaintiff's arguments fail.

**A.      Dr. David Brauer's Opinion**

As stated above, Plaintiff argues that Dr. Brauer's opinion was stale and improperly failed to consider certain imaging studies. *Id.* at 18-19.  The Court disagrees.

**1.      Staleness**

A stale medical opinion does not constitute substantial evidence to support an ALJ's findings. *See Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015) (quotation marks and citation omitted), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (summary order).  A gap of time between when a medical opinion is rendered and the disability hearing and decision does not automatically invalidate that opinion; however, such an opinion may be stale if the claimant's condition deteriorates during that time.  *See, e.g.*, *Welsh v. Colvin*, No. 14-CV-6715P, 2016 WL 836081, at *12 (W.D.N.Y. Mar. 4, 2016) (finding that an opinion rendered before the "significant deterioration" of the claimant's mental status could not "constitute substantial evidence supporting the ALJ's determination"); *Jones v. Comm'r of Soc. Sec.*, No. 10 CV 5831(RJD), 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (the ALJ should not have relied on a medical opinion in

part because it "was 1.5 years stale" as of the plaintiff's hearing date and "did not account for her deteriorating condition").

"A medical opinion is not necessarily stale simply based on its age.  A more dated opinion may constitute substantial evidence if it is consistent with the record as a whole notwithstanding its age." *Fambo v. Comm'r*, 474 F. Supp. 3d 603, 608 (W.D.N.Y. 2020) (citing *Andrews v. Berryhill*, No. 17-CV-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018) (ALJ did not err in relying on dated opinions where there was no indication the plaintiff's "condition had significantly deteriorated after the issuance of . . . [the] opinions such that they were rendered stale or incomplete")).

On November 2, 2016, Dr. Brauer performed an internal medicine examination on Plaintiff and opined that Plaintiff has no limitation in his ability to sit; moderate to marked limitation in his ability to stand for extended periods of time or to walk for long distances; marked limitation in his ability to climb, push, pull, or carry heavy objects; and marked limitation in his ability to perform activities that require full bending, squatting, kneeling, or crouching.  Tr. 487.  The ALJ afforded "significant weight" to Dr. Brauer's opinion because his "findings, diagnosis and limitations are consistent with the medical record."  Tr. 26.

The ALJ conducted Plaintiff's hearing on October 5, 2018 and issued a decision on his benefits application on December 28, 2018—approximately two years after Dr. Brauer rendered his opinion in November 2016.  Tr. 12-28, 34-69.  Plaintiff argues that Dr. Brauer's opinion was stale because it did not take into consideration the effects of two subsequent surgeries—a March 2017 knee surgery and a February 2018 cervical spine surgery.  ECF No. 16-1 at 18-19.

Plaintiff contends that, after the knee surgery, he reported weakness and inability to stand in April 2017; patellar pain in October 2017; and "continuing buckling and pain" in December

2017. *Id.* at 19 (citing Tr. 534-35, 545-549).  He asserts that, after the spinal surgery, he was referred to physical therapy for a diagnosis of fusion of the cervical region of the spine, *id.* (citing Tr. 1397-1410), and that Dr. Romanth Waghmarae, MB, BCH, PC found Plaintiff was experiencing total (100%) temporary impairment, with diagnoses of cervical post-laminectomy syndrome and cervicalgia, at an August 18, 2018 office visit.  Tr. 695-96.

With respect to Plaintiff's March 2017, knee surgery, the ALJ's opinion acknowledged and discussed record evidence that post-dated Dr. Brauer's opinion.  Tr. 23.  That evidence showed that there was "nothing orthopedically wrong" with the knee post-surgery; that the "knee seemed sound and stable and [Plaintiff] had good motion"; and that the surgeon "felt that the [Plaintiff] reached maximum medical improvement as far as orthopedics was concerned."  Tr. 23.  As the Commissioner points out, this appears to be an *improvement*, rather than a deterioration of Plaintiff's knee compared to November 2016 when he was wearing an immobilizing knee brace, had a limp, and could not walk on his heels or toes.  ECF No. 17-1 at 13 (citing Tr. 22-26, 483-87).

Turning to the February 2018 spinal surgery, as the Commissioner argues, Plaintiff "has not developed any reasoned argument that his condition deteriorated after [this surgery]."  ECF No. 17-1 at 6.  Plaintiff indicates that he was referred to physical therapy and that Dr. Waghmarae noted temporary 100% impairment.  ECF No. 16-1 at 6.  However, the Commissioner and ALJ are correct that "a statement on disability is not considered an opinion or entitled to weight.  Rather, it is a statement on a matter that is reserved exclusively to the Commissioner."  ECF No. 17-1 at 14 (citing Tr. 26) (internal citation omitted).  A conclusory statement regarding disability "does not constitute a medical opinion."  *Sink v. Colvin,* 2015 WL 3604655, *17 (W.D.N.Y. 2015) (internal quotation marks omitted).  Plaintiff fails to articulate how a conclusory statement on

temporary disability constitutes a deterioration in his condition and comes forward with no other medical evidence suggesting that his condition deteriorated after his February 2018 surgery. Notably, there is no indication that Plaintiff's condition significantly deteriorated after the issuance of Dr. Brauer's opinion.  Accordingly, the opinion is not stale and remand on this ground is not warranted.

### 2.      Lack of Imaging Appended to the Report

Next, in a four-sentence argument, Plaintiff contends that Dr. Brauer's opinion was "flaw[ed]" because "no imaging was appended to the report."  ECF NO. 16-1 at 19.  Specifically, Plaintiff points to an August 2017 CT scan and x-ray, which showed "what appears to be a pseudoarthroris at C5-6" of the spine, Tr. 558, and argues that abnormal imaging findings are "necessary background information" which Dr. Brauer was required to consider.  ECF No. 16-1 at 19.

However, these August 2017 imaging studies were conducted *after* Dr Brauer's November 2016 opinion was rendered so it was not possible for him to consider it.  The imaging was conducted in advance of Plaintiff's February 2018 cervical stabilization surgery, *see* Tr. 558, and as discussed above, there is no indication that Plaintiff's condition deteriorated after that surgery. Thus, the ALJ appropriately considered Dr. Brauer's opinion.  *See Fambo*, 474 F. Supp. 3d at 608.

### B.      Dr. Robert Bauer's Opinion

The ALJ afforded "great weight" to Dr. Bauer's[3] June 23, 2016 opinion that Plaintiff "could work with restrictions allowing him an occasional 20-pound weight lifting restriction"; "should refrain from any repetitive twisting, turning, and bending with his lumbar spine and torso and be allowed to change his position frequently"; and "had no sitting, bending, or standing

---

[3] As stated above, Dr. Bauer is a worker's compensation independent examiner.

restrictions."   Tr. 25-26.   The ALJ noted that Dr. Bauer "had the opportunity to review the [Plaintiff's] entire medical record and he performed a thorough examination." *Id.* at 26.  He also noted that Dr. Bauer's opinion was "consistent with the evidence of record, as a whole." *Id.*

As discussed above, Plaintiff argues that the ALJ erred in considering Dr. Bauer's opinion because it was stale in that it did not consider the effects of Plaintiff's March 2017 knee surgery and February 2018 spinal surgeries; was not based on substantial evidence because it was formed off of an incomplete medical record; and was not based on substantial evidence because it did not consider any of the imaging of Plaintiff's knee.

### 1.    Staleness

Plaintiff asserts that Dr. Bauer's opinion was rendered "even earlier than the opinion of Dr. Brauer," and makes the same argument as above—that the opinion was made without considering the effects of Plaintiff's 2017 knee surgery and 2018 spinal surgery.  ECF No. 16-1 at 20.

However, as explained above with respect to Dr. Brauer's opinion, there is no indication in the record that Plaintiff's condition deteriorated after these additional surgeries.  Therefore, Dr. Bauer's opinion was not stale and remand is not warranted based upon this argument.  *See Andrews*, 2018 WL 2088064, at *3.

### 2.    Substantial Evidence

Plaintiff argues that Dr. Bauer's opinion is not based on substantial evidence because it "does not include any mention of Plaintiff's knees"; "does not include discussion of Plaintiff's left knee arthritis or Crohn's disease, which the ALJ had found constituted severe impairments"; and "was restricted to Plaintiff's worker's compensation injury."  ECF No. 16-1 at 20.

The opinions of independent medical examiners who were involved in a worker's compensation investigation regarding a social security claimant are not dispositive on the issue of

disability and "cannot be considered substantial evidence for the purposes of determining entitlement to Social Security benefits." *Conetta v. Berryhill*, 365 F. Supp. 3d 383, 403 (S.D.N.Y. 2019).  However, where an ALJ "neither defer[s] to nor relie[s] solely on the opinions of the IME[ ]," such opinion may be considered when it is "only a part of the ALJ's comprehensive analysis of the record." *Id.*

Here, the ALJ conducted a comprehensive analysis of the record as a whole and did not defer to or rely solely on Dr. Bauer's opinion.  Accordingly, Plaintiff's argument regarding Dr. Bauer's opinion and the role it played in the ALJ's calculus does not alter the fact that substantial evidence exists to support the ALJ's conclusions.

### C.      Duty to Develop the Record

Finally, Plaintiff contends that the ALJ improperly rejected "the various, oftentimes more recent, disability ratings" of these providers as "an issue reserved to the Commissioner." *Id.*  He further argues that the ALJ had a duty to develop the record and recontact Plaintiff's treating providers who rendered disability ratings such as "total impairment," or "seventy-five percent impaired," etc.  ECF No. 16-1 at 21.  In response, the Commissioner argues that "a statement on disability is not considered an opinion or entitled to weight."  ECF No. 17-1 at 14.

While the ultimate issue of disability is reserved to the Commissioner, such reservation "does not exempt [ALJs] from their obligation . . . to explain why a treating physician's opinions are not being credited." *Snell v. Apfel*, 177 F.3d 127, 134 (2d Cir. 1999).  However, "a conclusory statement concerning disability, made by a treating physician, does not constitute a 'medical opinion.'" *Sink*, 2015 WL 3604655, at *17 (citation omitted).  Furthermore, the ALJ here discussed the record as a whole and his decisions were supported by substantial evidence.

**CONCLUSION**

The Commissioner's Motion for Judgment on the Pleadings, ECF No. 17, is GRANTED

and Plaintiff's Motion for Judgment on the Pleadings, ECF No. 16, is DENIED.   Plaintiff's

Complaint, ECF No. 1, is DISMISSED WITH PREJUDICE.   The Clerk of Court will enter

judgment and close this case.

IT IS SO ORDERED.

Dated: September 16, 2021
      Rochester, New York

                                    _____
                                      HON. FRANK P. GERACI, JR.
                                      United States District Judge
                                      Western District of New York